IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

PLATINUM PARTNERS VALUE                                   Case No. 0:11-cv-60534-FAM
ARBITRAGE FUND, LP, et al.,

Appellants,
v.

HERBERT STETTIN, not individually but
as Chapter 11 Trustee of the estate of the
Debtor, Rothstein Rosenfeldt
Adler, P.A., *et al.,*

Appellees.
_____/

FEP VICTIMS GROUP,                                                    Case No. 0:11-cv-60644-KMM

Appellants,
v.

HERBERT STETTIN, not individually but
as Chapter 11 Trustee of the estate of the
Debtor, Rothstein Rosenfeldt
Adler, P.A., *et al.,*

Appellees.
_____/

### CHAPTER 11 TRUSTEE'S MOTION TO CONSOLIDATE
### RELATED BANKRUPTCY APPEALS

Appellee, HERBERT STETTIN (the "Trustee" or "Stettin"), not individually but as Chapter 11 Trustee of the estate of RRA, Rothstein Rosenfeldt Adler P.A. (the "Debtor" or "RRA"), pursuant to S.D. Fla. L.R. 3.8, 7.1 and 87.4(A), hereby moves to consolidate the two above-captioned bankruptcy appeals, which arise from the same bankruptcy case below and involve related factual and legal issues.

## PRELIMINARY STATEMENT

The bankruptcy appeals styled *Platinum Partners Value Arbitrage Fund LP, et al. v. Herbert Stettin, as Chapter 11 Trustee for Rothstein Rosenfeldt Adler, P.A., et al.*, Case No. 0:11-cv-60534-FAM (the "Platinum Appeal") and *FEP Victims Group v. Stettin*, Case No. 0:11-cv-60644-KMM (the "FEP Victims Appeal") arise from the pending Chapter 11 bankruptcy proceedings of RRA and constitute appeals from the *Memorandum Opinion Granting Trustee's Motion to Compromise Controversy with Berenfeld Spritzer Schechter & Sheer [C.P. 1123] and Motion to Compromise Controversy with Razorback [C.P. 1204]* (the "Memorandum Opinion") and *Bar Order Pursuant to Settlement Agreement Between Trustee Herbert Stettin and Berenfeld Spritzer Shechter & Sheer, LLP [C.P.1320]* (the "Bar Order") entered on January 10, 2011 in the bankruptcy case below captioned, *In re Rothstein Rosenfeldt Adler, P.A.*, Bankruptcy Case No. 09-34791-RBR, by the Honorable Raymond B. Ray, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court"). Because the two appeals not only arise from the same proceeding, but also involve closely related factual and legal issues, both appeals should be consolidated into a single case before a single court.

### I. Factual Background

On August 4, 2010, the Trustee filed suit against Berenfeld Spritzer Shechter & Sheer LLP ("BSSS") asserting claims for negligence, breach of contract and aiding and abetting a breach of fiduciary duty. The Trustee also objected to the proof of claim filed by BSSS [Claim No. 38]. *Stettin v. Berenfeld Spritzer Shechter & Sheer LLP*, Case No. 10-03485-RBR (Bankr. S.D. Fla. 2010) [Adv. No. 10-03485-RBR, C.P 1].

Eventually, the Trustee reached an agreement with BSSS and its insurance carrier, Lexington Insurance Company ("Lexington"), for $10 million liability policy limits under the

sole policy of insurance available to cover losses relating to the claims of the Trustee. Due to a prior joint demand upon Lexington by the Trustee and Razorback,[1] an entity which had filed a separate action in Broward County Circuit Court against BSSS and several other defendants, the Trustee and Razorback had agreed to split the policy proceeds. The parties' settlement was subsequently memorialized into a written agreement, a copy of which is attached to the BSSS Motion as Exhibit A (the "BSSS Settlement"). [Bankr. Case No. 09-34791-RBR, C.P. 1123, Ex. A].

On November 3, 2010 the Trustee filed his Motion to Compromise Controversy with Berenfeld Spritzer Shechter & Sheer LLP (the "BSSS Motion") [Bankr. Case No. 09-34791-RBR, C.P. 1123], seeking approval of the BSSS Settlement from the Bankruptcy Court. The BSSS Settlement calls for a payment of $10 million (the "Settlement Payment" or "Settlement Proceeds") to be tendered jointly to the Trustee and Conrad & Scherer LLP, counsel to Razorback, as payees. [Bankr. Case No. 09-34791-RBR, C.P. 1123, Ex. A]. In return for this payment and a waiver of the BSSS claim against the estate, the Trustee would withdraw his claims against BSSS. [Id.]. The settlement is conditioned upon, *inter alia*, the dismissal of the Razorback claims as well as other claims identified therein, and the entry of an order barring all claims against BSSS, its employees, and its partners "in regard to any and all matters arising out

---

[1] "Razorback" means are Razorback Funding, LLC, D3 Capital Club, LLC, BFMC Investment, LLC, Linda Von Allmen As Trustee Of The Von Allmen Dynasty Trust, D&L Partners, LP, David Von Allmen, As Trustee Of The David Von Allmen Living Trust, Ann Von Allmen, As Trustee Of The Ann Von Allmen Living Trust, Dean Kretschmar, Ira Sochet Revocable Inter Vivos Trust, Investors Risk Advantage, LP, Cooper Management, Anthony Degennaro As Trustee Of The Extra Inning Dynasty Trust, Adele Mussry, Jack Mussry, Nassim Mussry, Melina El-Ani, Danielle El-Ani, H&N Associates, Aretz Associates, Park National Capital Funding, LLC, Park National Mortgage Servicing, Scott Morgan, Viceroy Global Investments, Inc., Concorde Capital, Inc., Sussco, Inc., Edward Paley, Florence Paley, The Edward And Florence Paley Foundation, Steven Paley, Laura Paley, Jane Zaretsky, Steven Zaretsky, As Trustee Of The Jane Zaretsky Dynasty Trust, Lawrence E. Dekelbaum, and Shalom Strictly Kosher Meats, Inc.

of the involvement of BSSS in transactions, acts or events in any manner related to Scott W. Rothstein, RRA, and/or Banyon 1030-32 LLC and its predecessors, affiliates, successors, and related entities. [Id., at p. 30].

On December 9, 2010, the Trustee filed his Motion to Compromise Controversy with Razorback Plaintiffs' to Resolve the Razorback Plaintiff's Objection (the "Allocation Motion"). [Bankr. Case No. 09-34791-RBR, C.P. 1204]  The Allocation Motion resolves the Razorback Objection to the BSSS Motion and the issue of allocation of the Settlement Payment between the estate and Razorback. [Id.].  The Allocation Motion calls for the payment of $5 million to Razorback. [Id.].  In return for the Razorback Payment, Razorback's allowed unsecured claim shall be reduced by $5 million. [Id.]  Subsequently, both Appellants in the above-captioned appeals objected to the Allocation Motion or the BSSS Motion or both.

On January 7, 2011, after notice and an evidentiary hearing, the Bankruptcy Court entered the Memorandum Opinion [Bankr. Case No. 09-34791-RBR, C.P. 1307]. The Bankruptcy Court also entered, pursuant to the Memorandum Opinion, the Bar Order [Bankr. Case No. 09-34791-RBR, C.P. 1320], which are the subject of the appeals.

## II. Relief Requested and Incorporated Memorandum of Law

The Platinum Appeal and the FEP Victims Appeal arise from the same opinion and related order entered in the pending chapter 11 bankruptcy proceedings of the debtor Rothstein Rosenfeldt Adler, P.A.: the Memorandum Opinion and the Bar Order.[2]  Each appeal involves subject matter that is a material part of the subject matter of the other.

---

[2] The Platinum Appeal was docketed on March 11, 2011, and assigned to the Honorable Chief Judge Federico A. Moreno, while the FEP Victims Appeal was docketed on March 24, 2011, and was assigned to Judge K. Michael Moore.  Pursuant to S.D. Fla. L.R. 3.8, separate notices of pending related actions have been filed in each of the two related bankruptcy appeal cases.

The Court's Internal Operating Procedure 2.105.00(c) provides:

> Whenever an action or proceeding is filed in the Court which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge, the Judges involved shall determine whether the newly filed action or proceeding shall be transferred to the Judge to whom the earlier filed action or proceeding is assigned.

Pursuant to the above, the two appeals should be consolidated. First, separate appeals will duplicate judicial labor if heard by different courts. Further, separate briefing of the two appeals would involve duplicative filings and would waste the resources of the parties and the Court. More importantly, separate appeals could yield inconsistent results to the detriment of the parties involved in these two appeals.

Appellant in the FEP Victims Appeal already filed its own motion seeking to consolidate these two appeals. By this motion, the Trustee joins FEP Victims Group in seeking such relief and respectfully request both Courts to endorse the Order submitted by FEP in the FEP Victims Appeal, a copy of which, pursuant to S.D. Fla. L.R. 7.1(A)(2), is attached hereto, granting the requested relief.

Appellants in both appeals have advised that they agree with the ultimate relief sought by the Trustee, but they do not join or endorse the Trustee's recitation of the facts as set forth in this motion. Counsel for appellees BSSS and Razorback have also advised the Trustee that they join in requesting the relief sought herein.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the FEP Appeal be consolidated with the Platinum Appeal.

WHEREFORE, Appellee, HERBERT STETTIN, not individually but as Chapter 11 Trustee of the estate of RRA, Rothstein Rosenfeldt Adler P.A., respectfully requests the Court grant the relief sough herein, and such other relief as the Court may deem just and proper.

Dated this 12th day of April, 2011.

        GENOVESE JOBLOVE & BATTISTA, P.A.
        Special Counsel to the Trustee
        100 S.E. 2nd Street, 44th Floor
        Miami, Florida 33131
        Telephone: (305) 349-2300
        Telecopier: (305) 349-2310

        By:   /s/ John H. Genovese
            John H. Genovese, Esq.
            Fla. Bar. No. 280852
            David C. Cimo, Esq.
            Fla. Bar. No. 775400
            Jesus M. Suarez, Esq.
            Fla. Bar No. 60086

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that all registered persons who have appeared in this Case were served this 12th day of April, 2011 by Court's CM/ECF system.

        By:   /s/ John H. Genovese
            John H. Genovese, Esq.

**SERVICE LIST**
**CASE NO. : 011-CV-60534-FAM**

**Jeffrey Ira Snyder, Esq.**
Bilzin Sumberg Baena Price & Axelrod
1450 Brickell Avenue
Suite 2300
Miami, FL 33131-3456
305-375-6148
Fax: 305-351-2241
Email: jsnyder@bilzin.com
*Counsel for Appellant*

**Scott Louis Baena, Esq.**
Bilzin Sumberg Baena Price & Axelrod
200 S Biscayne Boulevard
Suite 2500
Miami, FL 33131-2336
305-350-2403
Fax: 374-7593
Email: sbaena@bilzin.com
*Counsel for Appellant*

**Jane Wollner Moscowitz, Esq.**
Moscowitz & Moscowitz, P.A.
1111 Brickell Avenue
Suite 2050
Miami, FL 33131
305-379-6700
Fax: 379-4404
Email: jmoscowitz@mmmpa.com
*Counsel for Berenfeld Spritzer Shechter & Sheer, LLP*

**David Lee Rosendorf, Esq.**
Kozyak Tropin & Throckmorton
2525 Ponce de Leon Boulevard
Suite 900
Coral Gables, FL 33134-6036
305-372-1800
Fax: 372-3508
Email: dlr@kttlaw.com
*Counsel for Razorback Funding, LLC*

**SERVICE LIST**
**CASE NO.: 011-CV-60644-KMM**

**Geoffrey Stuart Aaronson, Esq.**
Geoffrey S Aaronson P.A.
Bank of America Tower
100 SE 2nd Street, 27th Floor
Miami, FL 33131
786-594-3000
Fax: 305-675-3880
Email: gaaronson@aspalaw.com
*Counsel for Appellant*

**Jane Wollner Moscowitz, Esq.**
Moscowitz & Moscowitz, P.A.
1111 Brickell Avenue
Suite 2050
Miami, FL 33131
305-379-6700
Fax: 379-4404
Email: jmoscowitz@mmmpa.com
*Counsel for Berenfeld Spritzer Shechter & Sheer, LLP*

**David Lee Rosendorf, Esq.**
Kozyak Tropin & Throckmorton
2525 Ponce de Leon Boulevard
Suite 900
Coral Gables, FL 33134-6036
305-372-1800
Fax: 372-3508
Email: dlr@kttlaw.com
*Counsel for Razorback Funding, LLC*